31 So.2d 332

### GALLOWAY v. STATE.

7 Div. 918.

Supreme Court of Alabama.

June 26, 1947.

Merrill, Merrill & Vardaman, of Anniston, for appellant.

328

A. A. Carmichael, Atty. Gen., and Jas. T. Hardin, Asst. Atty. Gen., for the State.

LAWSON, Justice.

This is an appeal from a decree of the circuit court of Calhoun County, in equity, wherein Marie Galloway was found to be a neglected child and was ordered committed to the Alabama State Training School for Girls.

The decree from which the appeal is taken is as follows:

"In the Matter of Marie Galloway, a Minor under the Age of Sixteen Years.

"This matter coming on to be heard upon the petition of Mrs. Irene Wright, School Attendance Officer, and on appeal from the Juvenile Court of Calhoun County, Alabama, and upon the testimony noted by the Register:

"And the Court having heard the evidence finds that the said child, Marie Galloway, is a neglected child, in view of the fact that she has failed to attend school without just cause or legal excuse, and that the home surroundings where she was living with her mother were such as to endanger her morals, health and welfare.

"It is, therefore, ordered, adjudged and decreed, That the said child, Marie Galloway, is a neglected child and is declared to be a ward of the State of Alabama and entitled to its care and protection.

"It is, therefore, ordered, adjudged and decreed, That said child be committed to the Alabama State Training School for Girls until she is twenty-one years of age, or unless sooner discharged according to law; and the said juvenile is remanded to the jurisdiction of the Juvenile Court of Calhoun County, Alabama, for supervision and care under the terms of this judgment."

The only question presented for our consideration, as we understand appellant's brief, is whether or not the circuit court of Calhoun County, in equity, having found Marie Galloway to be a "neglected child," could lawfully commit her to the State Training School for Girls. In that connection we quote from appellant's brief as follows:

"The only error complained of by the appellant in this cause is that the Circuit Court of Calhoun County, Alabama, in equity had no authority under its findings in this cause to order the appellant committed to the Alabama State Training School for Girls. We concede that the court had the authority under the evidence in this case to find that the appellant was a neglected child according to the definition of a neglected child in the state juvenile law, but that court having made a finding that the appellant was a neglected child the court had no authority to order her committed to an institution established solely for the reclamation and training of delinquent white girls of the State of Alabama, namely, Alabama State Training School for Girls."

Section 570, Title 52, Code 1940, is as follows:

"There is established by the legislature of Alabama a correctional and educational institution under the name and style of 'the state training school for girls,' for *delinquent* white girls as hereinafter specified. Nothing in this chapter contained shall be construed to classify this school as a penal institution." (Emphasis supplied)

Section 573, Title 52, Code 1940, provides in pertinent part as follows:

"The intent and purpose of the state training school for girls is the reclamation and training of *delinquent* white girls in the State of Alabama. No girl shall be admitted to the institution except by commitment of the juvenile court of the county in which she resides, or in which she is found, or by commitment of a court in such country having jurisdiction of children, unless the court finds the girl *delinquent* under the meaning of the words, '*delinquent child*' as defined in the juvenile court law of this state and declared her a ward of the state. * * *" (Emphasis supplied)

Chapter 7 (§§ 350–383), Title 13, Code 1940, relates to the powers, functions and

duties of the juvenile courts in this state. In § 350, Title 13, supra, appears the following definition:

"(3) The words 'delinquent child' shall mean any child who while under sixteen years of age violates any penal law of the United States or of this state, or any regulation, ordinance or law of any city, town or municipality, or who commits any offense or act for which an adult could be prosecuted in a method partaking of the nature of a criminal action or proceeding; or who is beyond the control of his parent, parents, guardian, or custodian, or who is otherwise incorrigible, or who is guilty of immoral conduct; or who is leading an idle, dissolute, lewd or immoral life; or who engages in any calling, occupation or exhibition punishable by law or is found in any place for permitting which an adult may be punished by law."

A neglected child is defined by § 350, Title 13, supra, as follows:

"(2) The words 'neglected child' shall mean any child, who, while under sixteen years of age is abandoned by both parents, or if one parent is dead, by the survivor, or by his guardian, or custodian; or who has no proper parental care or guardianship or whose home, by reason of neglect, cruelty, or depravity, on the part of his parent or parents, guardian or other person in whose care he may be, is an unfit or improper place for such child; or who is found begging, receiving or gathering alms, or who is found in any street, road or public place for the purpose of so doing, whether actually begging or doing so under the pretext of selling or offering for sale any article or articles, or of singing or playing on any musical instrument, or of giving any public entertainment or accompanying or being used in aid of any person so doing; or for whom his parent, parents, guardian or custodian, neglect or refuse, when able to do so, or when such service is offered without charge, to provide, or allow, medical, surgical, or other care necessary for his health, or well-being; or whose parent, parents, guardian or custodian permits such child to engage in an occupation or calling contrary to the provisions of the child labor law of this state; or whose parent, parents, guardian or custodian fail, refuse or neglect to send such child to school in accordance with the terms of the compulsory attendance law of this state; or who is in such condition or surroundings, or is under such improper or insufficient guardianship or control as to endanger the morals, health or general welfare of such child; or who is not being reared or cared for in accordance with the provisions of any law, regulation or ordinance for the education, care and protection of children; or who for any other cause is in need of the care and protection of the state."

Section 361, Title 13, Code 1940, relates to the commitment of children who have been found to be dependent, neglected or delinquent. Said section provides that dependent, neglected or delinquent children may be committed in the following ways: (1) To the home of its parents, guardian or persons having control of the home in which said child resides; (2) the child may be placed by the court in any suitable family home; (3) the court may authorize the boarding out of the child in some suitable family home; (4) or the child may be committed by either a temporary or final order of the court to any orphanage, institution, association or agency approved by the State Department of Public Welfare for the care of such children in the State of Alabama and which is willing to receive such child; (5) or the court may commit to the State Department of Public Welfare by either temporary or final order such children as that Department is equipped to care for and agrees to receive. Said § 361, Title 13, supra, however, contains another provision which relates solely to the commitment of delinquent children and is as follows: "The court may commit by final order any *delinquent* child coming within its custody and control to any appropriate state institution which is now or may hereafter be established to receive and care for delinquent children." (Emphasis supplied)

■ We think it clear from the statutory provisions heretofore set out that a neglected girl cannot be committed to the State Training School for Girls. Indeed this is a wise policy. It could not be said to be in the best interest of a girl who has been found to be only a "neglected" girl to be committed to an institution to which are

**330**

committed girls who have been found to be law violators or who possess the other characteristics of a "delinquent" girl.

The circuit court of Calhoun County, in equity, did not find that Marie Galloway was a delinquent child, but found that she was a neglected child, and therefore we are of the opinion that the decree in so far as it ordered that Marie Galloway be committed to the State Training School for Girls is erroneous.

The decree of the trial court in so far as it found Marie Galloway to be a neglected child is affirmed. However, in so far as it ordered her committed to the State Training School for Girls the decree is reversed and the cause is remanded in order that proper commitment may be made.

Affirmed in part and in part reversed and remanded.

GARDNER, C. J., and FOSTER and STAKELY, JJ., concur.